Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00202-CR 

                                                     __________

 

                                 ELRAY
WYNN JOHNSON, Appellant   

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee   

 

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                         Orange
County, Texas

 

                                                  Trial
Court Cause No. E94273

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Elray Wynn Johnson of assault and assessed his punishment at
confinement in the Orange County Jail for a term of 240 days.  Appellant
challenges his conviction in two points.  We reverse and remand.

                                                               Background
Facts








The
State charged appellant with intentionally and knowingly causing bodily injury
to Deborah Bonin by grabbing her left arm and causing her to fall to the
ground.  In accordance with  Tex. Code.
Crim. Proc. Ann. art. 46C.051 (Vernon 2006), appellant filed notice of
his intent to raise an insanity defense at trial.  The trial court permitted
appellant to present evidence regarding his mental state at the time of the
incident.  However, the trial court subsequently denied appellant=s request to submit an
insanity issue in the court=s
charge.

The
State called Bonin as a witness at trial.  Despite her status as the victim of
the charged offense, Bonin=s
trial testimony was essentially adverse to the State.  Bonin testified that she
is a registered nurse specializing in psychiatric care.  She and appellant
lived together and were romantically involved with each other.  She testified
that she called 911because she was afraid that appellant was going to harm
himself based on statements he had made.  Bonin stated that appellant was
despondent and tearful and had been sleeping off-and-on for days.  When asked
why she called the sheriff=s
department, Bonin responded: 

Because
it had gotten to the point that he was B
he didn=t know what he
was doing.  He was ranting and raving.  He was talking to people that wasn=t there.  And when he made
the statement he=d
take me and him both out, I took it literally at that moment, because he didn=t know what he was doing.

 

The
State offered Bonin=s
written statement of the incident into evidence during her direct testimony. 
She stated as follows in the statement:

He
wanted his gun [and] I wouldn=t
tell him where it was.  I was walking across the yard when he ran up [and]
grabbed my arm dragging me to the ground.  He threatened to shoot me [and]
himself.  He had the gun yesterday threatening to shoot himself so I hid the
gun.   

 

He
needs mental help.  He won=t
go voluntarily.  He has been on medication before.  He cycles from depressed
[and] tearful to angry [and] violent.

 

On
cross-examination, Bonin testified that she had called three mental health care
providers seeking to admit appellant for  treatment prior to calling 911.  When
asked why she called 911, Bonin responded as follows: ABecause there was nowhere to take him.  He
didn=t know what he
was doing.  He didn=t
know what was going on.  And that=s
the only way that I could get him in a safe environment at that point.@  She further testified
that she did not believe appellant knew what he was doing or that he knew his
conduct was wrong.








The
incident occurred on a Friday evening.  Bonin testified that she obtained an
appointment for appellant with Kim D. Best, a physician=s assistant that provided psychiatric care, on
the following Monday.  Bonin bonded appellant out of jail for the appointment. 
Best stated in appellant=s
medical records that he treated appellant for Aanger
outbursts and mild manic like episodes.@ 
Best also identified the diagnoses of Amanic-depressive
psychosis, depressed type@
and Adepressive
disorder, not elsewhere classified@
in the medical records.  Best prescribed Risperdal and Effexor for appellant. 
Bonin testified that Effexor is an antidepressant and Risperdal is Aa very strong
anti-psychotic.@

The
State also offered the testimony of Deputy Jerry Kibodeaux.  Deputy Kibodeaux
testified that appellant told him at the scene that he grabbed Bonin=s arm as she attempted to
walk away and that she tripped over a stump.  He also observed a bruise on
Bonin=s left bicep and
lacerations on her right knee and upper right leg.  The State offered into
evidence photographs taken of Bonin that depicted these injuries.  Deputy
Kibodeaux testified that appellant was Acollected@ when he initially spoke
with deputies but that he started screaming and hollering when he was placed
under arrest.

                                                                         Points

Appellant
challenges the legal and factual sufficiency of the evidence in his first point. 
He asserts in his second point that the trial court erred in denying his
request to submit an insanity issue in the court=s
charge.

                                                        Sufficiency
of the Evidence








In
order to determine if the evidence is legally sufficient, we must review all
the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10‑11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407‑08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the evidence. Watson, 204 S.W.3d at 414‑15; Johnson,
23 S.W.3d at 10‑11.  The jury, as the finder of fact, is the sole judge
of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

Appellant
bases his evidentiary challenge on two contentions.  He first asserts that
there is no evidence that Bonin suffered physical pain or impairment of
physical condition. See Tex.
Penal Code Ann. ''
1.07(a)(8), 22.01(a)(1) (Vernon Supp. 2007).  We disagree.  The evidence
reflects that Bonin suffered a bruise and lacerations from the incident.  The
jury could have reasonably inferred that she suffered pain from these
injuries.  See Randolph v. State, 152 S.W.3d 764, 774 (Tex. App.CDallas 2004, no pet.) (A
jury may infer that a victim actually felt or suffered physical pain because
people of common intelligence understand pain and some of the natural causes of
it.). 

Appellant
additionally contends that the evidence is insufficient to establish that he
intentionally and knowingly assaulted Bonin based upon her testimony that
appellant did not know what he was doing.  This contention is not a valid basis
for challenging the sufficiency of the evidence.  The Texas Court of Criminal
Appeals stated as follows in Jackson v. State, 160 S.W.3d 568, 574-75
(Tex. Crim. App. 2005):

[P]resenting evidence
of mental illness does not then allow the defense to argue that the defendant
is absolutely incapable i.e., does not have the capacity to intentionally or
knowingly perform an act.  There is simply no defense recognized by Texas law
stating that, due to the defendant=s
mental illness, he did not have the requisite mens rea at the time of
the offense because he does not have the capacity, or is absolutely incapable
of ever forming that frame of mind.

 

Texas does not recognize
diminished capacity as an affirmative defense, i.e., a lesser form of the
defense of insanity.  Id. at 573.  

In
light of Bonin=s
written account of the incident, a rational trier of fact could have concluded
beyond a reasonable doubt that appellant intentionally and knowingly caused
bodily injury to her by grabbing her arm and dragging her down.  Moreover,
Deputy Kibodeaux=s
testimony that appellant was Acollected@ immediately after the
incident is some evidence that he knew what he was doing.  Appellant=s factual sufficiency
challenge based upon the evidence that appellant lacked the capacity to possess
the requisite mens rea is precluded under Jackson.  Appellant=s first point is overruled.








                                                                   Insanity
Issue

Appellate
review of error in a jury charge involves a two‑step process. Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must
determine whether error occurred.  If so, we must then evaluate whether
sufficient harm resulted from the error to require reversal.  Id. at 731‑32. 
Error in the charge, if timely objected to in the trial court, requires
reversal if the error was Acalculated
to injure the rights of [the] defendant,@
which means no more than that there must be some harm to the accused from the
error. Tex. Code Crim. Proc. Ann.
art. 36.19 (Vernon 2006); see also Abdnor, 871 S.W.2d at 731‑32; Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In other words, a
properly preserved error will call for reversal as long as the error is not
harmless.  Almanza, 686 S.W.2d at 171.

A
defendant is entitled to an instruction on a defensive issue if the issue is
raised by the evidence, whether that evidence is strong or weak, unimpeached or
contradicted, and regardless of what the trial court may think about the
credibility of the defense.  Ferrel v. State, 55 S.W.3d 586, 591 (Tex.
Crim. App. 2001).  We review the evidence in the light most favorable to the
defendant to determine whether a defensive issue should have been submitted.  See
Ferrel, 55 S.W.3d at 591.

The
affirmative defense of insanity applies if Aat
the time of the conduct charged, the actor, as a result of severe mental
disease or defect, did not know that his conduct was wrong.@ Tex. Penal Code Ann. '
8.01(a) (Vernon 2003).  AIn
a case tried to a jury, the issue of the defendant=s sanity shall be submitted to the jury only
if the issue is supported by competent evidence.@ 
Tex. Code Crim. Proc. Ann. art.
46C.151 (Vernon 2006).  If evidence from any source raises the issue of
insanity, the trial court must include an instruction on this defense in the
jury charge.  Gibson v. State, 726 S.W.2d 129, 132 (Tex. Crim. App.
1987). When considered with facts and circumstances concerning an accused and
the offense, lay opinion testimony may be sufficient to raise the defense of
insanity.  Pacheco v. State, 757 S.W.2d 729, 736 (Tex. Crim. App. 1988).


Bonin
testified that she believed appellant did not know what he was doing at the
time of the incident and that he did not know that his conduct was wrong.  She
also testified that she felt appellant needed mental health treatment and she
took steps to seek this treatment both immediately before and after the
incident.  Appellant also offered medical records from the mental health
treatment he received a few days after the incident.  








The
trial court based its decision to deny the requested insanity issue on Best=s statement that appellant
suffered Amild
manic like episodes@
(emphasis added).  The trial court concluded that this evidence did not rise to
the level of competent evidence because the Penal Code requires evidence of a Asevere mental
disease or defect@
(emphasis added).  See Section 8.01.  We do not believe that the trial
court=s assessment of
Best=s findings is
necessarily invalid.  However, we conclude that there is additional evidence in
the record that rose to the level of competent insanity evidence.  Bonin
testified that appellant suffered from mental illness that she believed
rendered him unable to know that his conduct was wrong.  Her lay opinion of
appellant=s insanity,
when viewed in the light most favorable to appellant, constitutes competent
evidence of appellant=s
sanity.  Therefore, the trial court erred in not submitting the requested
insanity issue in the court=s
charge.  Appellant=s
second point is sustained.  In light of the evidence of appellant=s insanity, we cannot hold
that the error was harmless.   

                                                               This
Court=s Ruling

The
judgment of the trial court is reversed, and the cause is remanded for new
trial.

 

 

TERRY McCALL

JUSTICE

July 24, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and
Strange, J.